**LABATE et al., Appellees and Cross–Appellants,**

**v.**

**HOFFMAN, Appellant and Cross–Appellee.**

[Cite as *Labate v. Hoffman* (1991), 73 Ohio App.3d 13.]

Court of Appeals of Ohio,
Summit County.

No. 14880.

Decided April 10, 1991.

R. *Scott Haley* and *John C. Collins,* for appellees and cross-appellants.

*Archie W. Skidmore* and *Spiros Valsilatos, Jr.,* for appellant and cross-appellee.

CACIOPPO, Judge.

On August 25, 1989, Robert and Jean Labate filed a complaint against Sandra Hoffman. The complaint sought the following relief:

"A. For an Order authorizing a Writ of Partition issue and directing three disinterested feeholders of Summit County, Ohio to appraise the subject property and report to this Court their findings;

"B. For a finding and judgment that Plaintiffs are entitled to exercise an exclusive right of first refusal as to the purchasing of the Defendant's interest in and to the subject property in amount determined by one-half the valuation established by the commissioners appointed herein;

"C. For an Order declaring and permitting Plaintiffs to purchase the Defendant's interest in the subject property under such terms and conditions as authorized by statute;

"D. And for such other and further relief as is just and proper."

On September 11, 1989, Sandra Hoffman filed a complaint against Robert Labate, Donald Eipper, John Johns and Harvey Friedman, Douglas Duker and Edward Murray. The complaint alleged breach of contract and sought a declaration as to the rights under a lease agreement.

The cases were consolidated. On October 24, 1990 the Summit County Court of Common Pleas rendered a decision granting summary judgment in favor of Robert and Jean Labate and ordering them to proceed with partition, and granting summary judgment in favor of the defendant's named in Hoffman's lawsuit.

Sandra Hoffman filed a timely appeal. Robert and Jean Labate filed a timely cross-appeal. * * * [1]

---

1. This opinion has been abridged for publication by Judge Cacioppo.

### Cross–Assignment of Error II

"The trial court erred in not specifically granting judgment and enforcement of Cross–Appellant's right of first refusal and/or exercise of his right of election under Ohio's Partition Statute."

Robert and Jean Labate claim that the trial court erred by failing to grant them a first right of refusal and/or a right of election.

We note from the outset that under the statutory provision governing partition, neither the Labates nor Hoffman has a superior right to purchase the property. R.C. 5307.09. The parties stand as equals in relation to the right to elect. *Darling v. Darling* (1911), 85 Ohio St. 27, 33, 96 N.E. 939, 941. Moreover, the right of election should be exercised at the proper time, namely, after the report of the commissioners has been approved by the court, and before a sale is ordered. *Id.*

In the case before us, the Labates are attempting to exercise the right of election prematurely. The commissioners have yet to determine whether the estate can be divided according to the demand of the writ of partition without manifest injury to its value. R.C. 5307.09. Therefore, a sale of the property is a mere possibility.

As to the first right of refusal, the trial court found that the lease terminated as of August 30, 1984 and that the purchase provision terminated along with the lease. Therefore, the Labates have no first right of refusal under the lease. The second cross-assignment of error is overruled.

### Summary

The assignment of error and second cross-assignment of error are overruled. Because we find merit in the first cross-assignment, we remand the case to the trial court for correction of the journal entry. The judgment of the trial court is affirmed in all other respects.

*Judgment affirmed*
*and cause remanded.*

QUILLIN, P.J., and COOK, J., concur.